UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
=========================================X

RICHARD ALFARO,

                       Plaintiff,

           -against-

BARBARA LABADOR, individually, BETH WICKEY,
Individually, ANN NOWAK, individually, HUBERT
PHILLIPS, individually, KEITH TUTHILL, individually,
PAUL HOULIHAN, individually, WILLIAM MEES,
Individually, STEVEN FRANO, individually, JONATHAN
IRWIN, individually, "JOHN DOE" and "JANE DOE",
#1-5, 6-10, and 11-15 individually and personally
representing the fictitious or partially fictitious names
of individuals, whose full names are unknown to Plaintiff,
were at all relevant times herein, employees of the TOWN
OF SOUTHAMPTON BOARD MEMBERS comprising
THE SOUTHAMPTON ZONING BOARD OF APPEALS,
THE TOWN OF SOUTHAMPTON DEPARTMENT OF
LAND MANAGEMENT AND ZONING DIVISION,
and the TOWN OF SOUTHAMPTON,

                     Defendants.
=========================================X

**ANSWER**

**CV-06-1470(JS)(WDW)**

**DEFENDANT
DEMANDS TRIAL
BY JURY**

      Defendant, WILLIAM MEES, by his attorneys, KRAL, CLERKIN, REDMOND,
RYAN, PERRY & GIRVAN, as and for an Answer to plaintiff's Complaint set forth the
following upon information and belief:

### AS AND FOR AN ANSWER

      1:     Denies each and every allegation contained in paragraph numbered "1" of
the Complaint insofar as the same are alleged as to this answering defendant, and refers
all questions of law to this Honorable Court.

2:      Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "2", "3", "8", "9", "10", "11", "12", "14", "15", "17", "18", "20", "23", "25", "26", "27", "29", "32", "35", "40", "41", "43", "51", "52", "53", "54", "55", "56", "57", "58", "60", "61", "63", "67", "68", "69", "70", "71", "72", "74", "77", "78", "79", "80", "81", "83", "84", "86", "87", "88", "91", "92", "93", "94", "95", "98", "99", "104", "106", "107", "108", "109", "110", "111", "112", "113", "114", "115", "116", "117", "118", "119", "120", "121", "121"(sic), "122", "123", "124", "125", "126", "127", "128", "129", "130", "131", "132", "133", "134", "135", "136", "137", "138", "139", "140", "141", "142", "143", "144", "145", "146", "147", "148", "149", "150", "151", "152", "153", "154", "155", "156", "157", "163" and "164" of the Complaint.

3:      Denies each and every allegation contained in paragraph numbered "4", "5", "34", "38", "48", "49", "50", "62", "66", "82", "96", "100", "101", "102", "103" of the Complaint insofar as the same are alleged as to this answering defendant.

4:      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "6", "7", "13", "16" "19", "21", "22", ""24", "28", "31", "33", "59", "64", "65", "85", "105""165", "166", "167", "168", "169", "170",and "171"of the complaint, and refers all questions of law to this Honorable Court.

5:      Denies each and every allegation contained in paragraph  "30", "36", "37", "42", "44", "45", "46", "47", "75", "76", "89", "90", "158", "159", "160", "161" and "162" of the complaint.

6.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "39" of the complaint, except admits that Hampton Brakes enjoyed an easement to utilize the driveway running across the front of the subject premises nearest Hampton Brakes, and refers all questions of law to this Honorable Court.

7.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "73" of the complaint, except admits that Douglas Penny was an attorney hired by defendant Mees to oppose plaintiff Alfaro's application.

## COUNT I

8.     Denies each and every allegation contained in paragraph numbered "172", "174", "175", "176", "177" and "178" of the Complaint insofar as the same are alleged as to this answering defendant.

9.     Denies each and every allegation contained in paragraph numbered "173", of the Complaint insofar as the same are alleged as to this answering defendant, and refers all questions of law to this Honorable Court

## COUNT II

10.     Denies each and every allegation contained in paragraph numbered "179", "181", "182", "183", "184",  and  "185"of the Complaint insofar as the same are alleged as to this answering defendant.

11.     Denies each and every allegation contained in paragraph numbered "180", of the Complaint insofar as the same are alleged as to this answering defendant, and refers all questions of law to this Honorable Court.

## COUNT III

12.     Denies each and every allegation contained in paragraph numbered "186", "189", "190", "191", "192", "193" and "194"of the Complaint insofar as the same are alleged as to this answering defendant.

13.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "187" of the Complaint and refers all questions of law to this Honorable Court.

14.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "188" of the Complaint.

## COUNT IV

15.     Denies each and every allegation contained in paragraph numbered "195", "197", "198", "199 ", "200" and  "201"of the Complaint insofar as the same are alleged as to this answering defendant.

16.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "196" of the Complaint and refers all questions of law to this Honorable Court.

## COUNT V

17.     Denies each and every allegation contained in paragraph numbered "202", "203", "204", "205" and "20" (sic) (207) of the Complaint insofar as the same are alleged as to this answering defendant.

18.     Denies each and every allegation contained in paragraph numbered "206", of the Complaint insofar as the same are alleged as to this answering defendant.

## FIRST AFFIRMATIVE DEFENSE

19.     That the Complaint must be dismissed as plaintiff has failed to state a valid cause of action.

## SECOND AFFIRMATIVE DEFENSE

20.     That the plaintiff's Complaint is barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

21.     The Complaint fails to set forth sufficient facts to establish a deprivation of any constitutional right or civil right.

## FOURTH AFFIRMATIVE DEFENSE

22.     Plaintiff is barred from maintaining the instant action as plaintiff is guilty of laches.

## FIFTH AFFIRMATIVE DEFENSE

23.     That the answering defendant acted in good faith.

## SIXTH AFFIRMATIVE DEFENSE

24.     The answering defendant is entitled to quasi or limited immunity.

## SEVENTH AFFIRMATIVE DEFENSE

25.     Plaintiff failed to set forth sufficient facts to establish a "conspiracy."

## EIGHTH AFFIRMATIVE DEFENSE

26.     That the defendants have absolute and/or qualified immunity for their actions.

## NINTH AFFIRMATIVE DEFENSE

27.      That the injuries of the plaintiffs were caused in whole or in part by her own contributory negligence and/or culpable conduct and/or by persons and/or events over which this defendant had no control and their claims are, therefore, barred or the amount of same is diminished accordingly.

## TENTH AFFIRMATIVE DEFENSE

28.     The answering defendant did not engage in any acts with any governmental agencies to commit unconstitutional acts against the plaintiff and therefore can not be liable for any violations of plaintiff's civil rights under 42 USC 1983 nor any conspiracy claim under 42 USC 1985.

## ELEVENTH AFFIRMATIVE DEFENSE

29.     Any and all acts which may have been performed by the defendant, its servants, agents and/or employees were done with justification after reasonable cause for the said actions was demonstrated by the facts and circumstances therein existing.

## TWELFTH AFFIRMATIVE DEFENSE

30.     Plaintiff's claim if any, are in whole or in part barred by the doctrines of collateral estoppel, issue preclusion and/or res judicata.

**WHEREFORE**, defendant, WILLIAM MEES, demand judgment dismissing the complaint of plaintiff herein, together with the costs and disbursements of the action, and the expenses incurred in the defense thereof.

Dated: Smithtown, New York
      April 18, 2007

Yours, etc.,

KRAL, CLERKIN, REDMOND,
RYAN, PERRY & GIRVAN
Attorneys for Defendants
496 Smithtown ByPass
Smithtown, New York

BY: _____
      GEOFFREY H. PFORR (GHP1221)

TO:     PERRY & CAMPANELLI, LLP
      Attorneys for Plaintiff
      129 Front Street
      Mineola, New York  11501

      DEVITT, SPELLMAN & BARRETT, LLP
      50 Route 111
      Smithtown, New York  11787

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF SUFFOLK )

DEANA CARDINALE, being duly sworn, deposes and says that she is over the age of 18 years, that she is not a party to the above-entitled action, and that on April 2007, she served the within, ANSWER, NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION upon the following attorney(s), in the following place(s) and in the following manner:

PERRY & CAMPANELLI, LLP
129 Front Street
Mineola, New York  11501

DEVITT, SPELLMAN & BARRETT, LLP
50 Route 111
Smithtown, New York  11787

by depositing a copy of same properly enclosed in a post-paid wrapper in the official Depository maintained and exclusively controlled by the United States, directed to said attorney(s), respectively, at said address within the State designated for that purpose upon the last papers served in this action or the place where the above then kept offices, according to the best information which can be conveniently obtained.

DEANA CARDINALE

Sworn to before me this
day of April, 2007

NOTARY PUBLIC

CARRIE L. GALLAGHER
Notary Public, State of New York
No. 01GA6119191
Qualified in Suffolk County
Commission Expires November 29, 20 08